## WILLIAM R. P. WASHBURN *vs.* SAMUEL E. SEWALL & others.

A testator, after giving sundry legacies, specific and pecuniary, and making a residu-
ary legatee, directed by his will, that five per cent. yearly interest, from the time
of his death, should be paid on all the pecuniary legacies, except that given to the
residuary legatee, until the property, from which the principal of the legacies was
to be paid, should be converted into money : The testator afterwards made a cod-
icil, in which he expressly confirmed the will, in all respects, except so far as it
should be revoked or altered by the codicil, and gave an additional pecuniary
legacy, without mention of interest thereon, and directed that it should be paid
before anything should be paid to the residuary legatee mentioned in the will : The
assets of the testator, when converted into money, were not sufficient, after pay-
ing the specific legacies, to pay the pecuniary legacies in full, with interest.
*Held,* that the legacy given by the codicil was not to be postponed to the other
pecuniary legacies, but that all of them were to be paid *pro rata*, with five per
cent. yearly interest thereon from the testator's death.

BILL in equity, brought by the executor of the will of Mar-
garet Tucker, to obtain the direction of the court in the ex-
ecution of his duties, in certain particulars, under the provis-
ions of the will. Numerous legatees of the said Margaret were
made parties to the bill, as defendants, and the questions, which
were argued and decided at the present term, arose on the fol-
lowing facts agreed :

On the 8th of December 1831, Margaret Tucker executed
her last will, by which, after making divers bequests of money,
&c. in trust and otherwise, to various persons and institutions,
she gave to the city of Boston all the residue of her property,
of every description, on certain conditions, towards the support
of a high school. The will contained the following clause :
" And whereas I have derived most of my property from my
father, and hold it by virtue of his will, whereby the whole of
his estate is charged with the payment of certain annuities, and,
among others, with the payment of one third of the income of
his whole estate to my mother, during her natural life ; and
whereas his estate has not been divided or distributed among his
children who were his residuary legatees. and my share thereof
may continue to be so mixed with the shares of the other lega-
tees under his will, and so incumbered with the payment of the

legacies and annuities, with which the estate of my father is charged, as to render it impracticable or inexpedient, at the time of my decease, for my interest therein to be disposed of, or so far reduced to cash, as to enable my executor, out of the proceeds thereof, to pay the legacies herein given ; if so, I authorize and empower my executor, from time to time to re-ceive from the legal representative of my father that portion of the income of his estate, which belongs to me, or which he, my executor, as my legal representative, will be entitled to claim, and to allow the estate of my father to remain entire, and in the hands of his legal representatives, till the incumbrances or lien thereon, as aforesaid, shall be removed ; or for such length of time, as he, my executor, shall think proper and expedient. And in the mean time, I authorize and order my executor to retain out of any funds, which he may have in his hands, be-longing to my estate, interest on the sum of six thousand dollars, which he is requested to hold in trust for Charles Cole and George W. Cole," (two of the legatees mentioned in the will), " at the rate of five per centum per annum, and to pay over interest annually, at the same rate, on all the other money lega-ries hereby bequeathed, except that no interest is to be paid to the city of Boston aforesaid. In those cases in which the income on a certain sum is given " (in the will) " to one person during life, and the principal, upon his or her decease, is given to others, the interest, at the rate aforesaid, is to be paid to the first, instead of the income, if the money is not invested by my executor, as trustee, so long as such person shall live, and then to those entitled to the remainder, if the principal shall not be paid. Interest, at the rate aforesaid, is to commence immedi-ately after my decease, on all the money legacies hereby be-queathed, except that no interest is to be paid to said city, as aforesaid."

On the 8th of November 1832, said Margaret executed an instrument which she therein declared to be a codicil to her said will, to which it was annexed, and ordered to be taken and con-sidered as and for part of her said will, which will she ratified and confirmed by said codicil, in all respects, except so far as

it should be revoked or altered by said codicil — which was as follows :

" To the several legacies in my said will given and bequeathed, I add the following, for the benefit of the children of my sister Paulina ; viz. I give and bequeath to Samuel E. Sewall of Boston, Esq. the sum of fifteen thousand dollars, upon trust nevertheless, and not otherwise, and for the purposes hereinafter declared, and no other ; that is to say, that he invest said sum of money in such property, and in such manner, as he may think proper, and pay the interest or income thereof, (after deducting all expenses and reasonable charges) to my sister Paulina Nash, wife of Joshua Nash, that she may employ the same for the use of her children, in any way she shall think proper ; and upon the death of the said Paulina, to pay over the principal to her child, if she then hath one and only one living ; or if she have more than one living, to pay over, divide and distribute said principal among her children living at the time of her death, equally, share and share alike." — " I declare it to be my will and meaning and intention, that said sum of fifteen thousand dollars shall be paid to said trustee, for the purposes aforesaid, out of the proceeds of any of my property, before any sum of money is paid, or any property delivered, to the city of Boston, under or by reason of the residuary clause in my said will," &c.

The plaintiff was appointed executor of said will, and the will and codicil were duly admitted to probate on the 31st of December 1832, and the plaintiff then took upon himself the execution thereof.

The amount of pecuniary legacies due under the said will and codicil, adding interest thereon from the death of said Margaret, at five per cent. a year, to November 24th 1840, is $85,820, and exceeds the amount of the assets, which remain in the executor's hands, after payment of the specific legacies.

Two questions only were raised at the present term : *First,* whether the legacy given by the codicil should be postponed to the pecuniary legacies given by the original will : *Second,* whether interest should be computed on the pecuniary legacies, and, if so, at what rate, and from what time.

6 *

*Sewall, pro se,* as trustee of Paulina Nash and her children.

*G. Bemis,* for other legatees.

SHAW, C. J.* Instead of going at large into the various considerations, arising on the bill and answers, the parties have agreed upon a statement of facts, and thereupon presented particular questions for the consideration of the court; it being understood, that after the decision of these questions, the subject is to be referred to a master.

It appears that Margaret Tucker, the complainant's testator, made her will on the 8th of December 1831. On the 8th of December 1832, she made a codicil to her will; both being duly executed. In respect to this codicil, which she declares to be annexed to her said will, she says: "And I do order and direct that it shall be taken and considered as and for part of my said last will and testament, which will and testament, in all respects, I do by this my codicil ratify and confirm, save and except so far as the same shall be revoked or annulled by this my codicil." This language is precise and explicit; and yet it does nothing more than declare, in express terms, that which would have been the legal effect of the execution of the codicil, without such declaration.

By this codicil, she makes the following bequest: [The codicil was here set forth, as *ante*, p. 65.]

1. The question is, whether this legacy of $15,000 to Mr. Sewall, in trust for the sister and children, is to be postponed to the payment of the legacies contained in the will, if the assets of the estate are insufficient to pay the whole. The court are of opinion, that the legacies in the original will are to have no preference over this contained in the codicil, either as to ultimate payment, or as to the time of payment; but that the codicil is to have the same effect, as if the legacy therein given had been expressed in the original will. The original will and codicil together make one last will, in the same manner as if the original will were written anew, embodying the codicil, and then the whole executed anew. The original will is republished and

---

* *Hubbard,* J. did not sit in this case.

takes effect, in all respects, as if executed at that time ; and all previous intentions, inconsistent with the terms and the legal operation of the codicil, are revoked and annulled by the codicil.

The main argument, however, on which it was contended that this legacy of $ 15,000 was to be postponed to those contained in the will, is founded on the provision, that this shall be paid before any portion of the residuary bequest shall be paid.  The inference proposed to be drawn from this is, that this legacy is to be paid out of the property which, by the residuary bequest, would be payable to the city, and no other.  But this is not a just inference.  This is only another instance of expressing, in terms, what would otherwise have been the legal effect of this bequest.  As the gift to the city was of the residuum, after all other legacies paid, it would have followed of course, that this legacy of $ 15,000 would have preference of the residuary bequest, and diminish the amount of it.  In that sense, and in no other, would it come out of the residuum.  It was probably inserted, *ex majori cautela,* to avoid all dispute and all question on the subject.

The court are of opinion that this $ 15,000 bequest, in trust to Mr. Sewall, is to stand on an equal footing with all other pecuniary legacies contained in the will, and is to be paid proportionably with them, if the property is insufficient to pay all of them in full.  We say on the same footing with the other pecuniary legacies ; but if there are gifts of specific chattels, or the release of debts, or other bequests of a like nature, they may stand on a different footing, when it becomes necessary that legacies abate.

2. One other question was discussed, namely, whether interest shall be computed on the legacies when the estate is not sufficient to pay them all ; and if so, at what rate and for what time.  We think this question is answered by the will.  After giving many pecuniary legacies, and in most cases providing that the income shall be paid to certain persons for life, and afterwards that the principal shall be distributed: the testator proceeds to recite that most of her property is to be derived from her father's estate, which is unsettled, and which, being incumbered

and charged with annuities, may remain long unsettled, so as to render it impracticable immediately to pay the legacies given by her will ; and she directs her executor to receive the income coming from her father's estate, from time to time, and allow her share of the estate itself to remain entire in the hands of her father's legal representatives, for such length of time as he may think expedient ; and she directs him to hold, out of her other property, for Charles Cole, &c. at the rate of five per cent. per annum, and to pay out interest annually, at the same rate, on all the other money legacies thereby bequeathed, except that no interest is to be paid to the city of Boston. She then further provides, that in those cases in which the income is to be paid to one person during life, and on his decease, the principal is given to others, interest at 5 per cent. is to be paid to the first, instead of income, if the money is not invested, so long as the person entitled to the income shall live, and then the same interest to the person entitled to the remainder, until the principal is paid. Then follows this material provision : " Interest at the rate aforesaid (5 per cent.) is to commence immediately after my decease, on all the money legacies hereby bequeathed, except that no interest shall be paid to the city of Boston." This puts these payments of income or interest precisely upon the footing of annuities, commencing with the testator's decease. By this provision, the interest is made part of the legacies, and is to be added to them, to ascertain the aggregate amount, to be paid in full if the estate is sufficient, and before any residuum can exist. For the reasons already given, the legacy of $ 15,000 is put by the codicil upon the same footing of equality with all the other pecuniary legacies ; and of course interest is to be computed upon it, at five per cent., from the testator's decease.